# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1827

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Kurt Harrington, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 21, 2010
Filed: August 23, 2010

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Kurt Harrington was convicted in 2009 of seven drug offenses, including conspiring to manufacture, distribute, and possess with intent to distribute heroin and at least 50 grams of cocaine base, resulting in death (Count 1); and distributing heroin, resulting in death (Count 7). Pursuant to 21 U.S.C. §§ 841 and 851, the government filed notice that Harrington was subject to a mandatory sentence of life imprisonment by reason of a 2002 felony drug conviction. See 21 U.S.C. § 841(b)(1)(A) (sentence shall be life imprisonment if death results from use of substance and violation was

committed after prior conviction for felony drug offense). The district court[1] sentenced Harrington to concurrent terms of life in prison on Counts 1 and 7, and 360 months on each of the five remaining counts. Harrington appeals, arguing that (1) the court violated the Sixth Amendment by enhancing his penalty based on his 2002 felony conviction, because the prior-conviction exception in Apprendi v. New Jersey, 530 U.S. 466 (2000), is "founded on bad law" and may soon be overruled; (2) the enhanced penalty is similar to the enhancement improperly sought by the government in Shepard v. United States, 544 U.S. 13 (2005), because it required the court to determine facts about Harrington's prior offense, and not just the existence of his conviction; and (3) the mandatory life sentence prescribed by section 841 conflicts with the sentencing goals of 18 U.S.C. § 3553(a), and thus it is unreasonable under United States v. Booker, 543 U.S. 220 (2005). The government moves for summary affirmance and to stay briefing. For the following reasons, we reject Harrington's arguments and affirm.

First, Apprendi is inapplicable because Harrington faced a statutory maximum sentence of life in prison regardless of his prior felony conviction. See Apprendi, 530 U.S. at 490 (other than fact of prior conviction, any fact that increases penalty for crime beyond prescribed statutory maximum must be submitted to jury); 21 U.S.C. § 841(b)(1)(A) (in case of violation involving 50 grams or more of substance containing cocaine base, sentence is 10 years to life in prison, and if death or serious bodily injury results from use of such substance, sentence is 20 years to life); see also United States v. McIntosh, 236 F.3d 968, 975 (8th Cir. 2001) (Apprendi was not implicated where defendant was subject to statutory life term based on quantity of drug involved, regardless whether death resulted from drug use).

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Second, we see no violation of Shepard here. Although we have previously discussed the principles of that case in connection with §§ 841 and 851, see United States v. Ramon-Rodriguez, 492 F.3d 930, 940 (8th Cir. 2007), we have not held that it applies in this context. Cf. United States v. Marsh, 561 F.3d 81, 87 (1st Cir. 2009) ("We have never extended Shepard's holding beyond the realm of the [Armed Career Criminal Act] or the Career Offender Guideline, U.S.S.G. § 4B1.2 . . . ."). Even assuming for the sake of argument that Shepard applied, Harrington's contention would fail, for he acknowledges in his brief that the sentencing transcript from his prior conviction, which was admitted at the continued sentencing hearing, showed that he was convicted of a drug felony. See 544 U.S. at 26 ("enquiry under the [Armed Career Criminal Act] to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information").

Third, because the conviction exposed Harrington to a mandatory sentence of life imprisonment, his sentence is not unreasonable under Booker. See United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006) (district court lacks discretion to impose non-Guidelines sentence below statutory minimum; Booker does not relate to statutorily imposed sentences).

Accordingly, we affirm the judgment of the district court. We also deny the government's motion as moot.

_____