RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0165p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

KURT HARRINGTON,

                    *Petitioner-Appellant,*

    *v.*

J. RAY ORMOND, Warden,

                    *Respondent-Appellee.*

No. 17-6229

---

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 6:17-cv-00199—David L. Bunning, District Judge.

Decided and Filed: August 13, 2018

Before BOGGS, CLAY, and ROGERS, Circuit Judges.

---

### COUNSEL

---

**ON BRIEF:** Charles P. Wisdom Jr., UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee. Kurt Harrington, Pine Knot, Kentucky, pro se.

---

### OPINION

---

ROGERS, Circuit Judge. Kurt Harrington, a federal prisoner proceeding pro se, appeals the district court's judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 and based on *Burrage v. United States*, 571 U.S. 204 (2014). Harrington was sentenced to life in prison for his role in a drug-distribution conspiracy that resulted in the death of another and thus implicated the "death results" penalty enhancement of 21 U.S.C. § 841(b)(1).

In *Burrage*, the Supreme Court held that the death-results enhancement requires that drugs distributed by the defendant were "a but-for cause of [the victim's] death." 571 U.S. at 218–19. For that reason, Harrington's claim is properly construed as one of actual innocence. Moreover, because *Burrage* is retroactive, Harrington is entitled to an evidentiary hearing to determine whether it is more likely than not that no reasonable juror would have convicted him, if given the proper jury instruction.

Harrington was sentenced to life in prison under the death-results penalty enhancement in the Southern District of Iowa. The Eighth Circuit, affirming his conviction, described his crimes as follows:

> Kurt Harrington was convicted in 2009 of seven drug offenses, including conspiring to manufacture, distribute, and possess with intent to distribute heroin and at least 50 grams of cocaine base, resulting in death (Count 1); and distributing heroin, resulting in death (Count 7). Pursuant to 21 U.S.C. §§ 841 and 851, the government filed notice that Harrington was subject to a mandatory sentence of life imprisonment by reason of a 2002 felony drug conviction. *See* 21 U.S.C. § 841(b)(1)(A) (sentence shall be life imprisonment if death results from use of substance and violation was committed after prior conviction for felony drug offense). The district court sentenced Harrington to concurrent terms of life in prison on Counts 1 and 7, and 360 months on each of the five remaining counts.

*United States v. Harrington*, 617 F.3d 1063, 1064 (8th Cir. 2010) (per curiam) (footnote omitted).

In 2014, the Supreme Court decided *Burrage*, which held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." 571 U.S. at 218–19.

Later in 2014, Harrington filed a habeas petition under § 2241, challenging his conviction and sentence in light of *Burrage*. That petition was denied. In 2017, Harrington filed a second § 2241 petition, citing intervening out-of-circuit authority holding that *Burrage* is retroactively applicable on collateral review. The district court dismissed this petition on initial review and

without service, reasoning that "neither the Supreme Court nor the Sixth Circuit has yet indicated that *Burrage* is retroactive to cases on collateral review." Citing *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the district court also reasoned in the alternative that Harrington's claim was not cognizable under § 2241 because he was not sentenced under the mandatory guidelines regime that existed before *United States v. Booker*, 543 U.S. 220 (2005).

Harrington appeals and continues to argue that *Burrage* applies retroactively to cases on collateral review and that, therefore, his claim may proceed under § 2241. At our request, the Government has filed a brief representing the views of the United States.

Harrington properly petitioned for relief under § 2241.[1] Ordinarily, a federal prisoner may collaterally attack the validity of his conviction or sentence only under 28 U.S.C. § 2255. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). However, the so-called savings clause, found at § 2255(e), permits a federal prisoner to petition under § 2241 if "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." To obtain relief under the savings clause, the prisoner must not only be barred from proceeding under § 2255 (which Harrington is), but must also be determined to be "actually innocent." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).

Harrington's claim is properly construed as one of actual innocence. In *Burrage*, the Court referred to the death-results enhancement as "an element that must be submitted to the jury and found beyond a reasonable doubt." 571 U.S. at 210. This case is thus unlike *Hill*, 836 F.3d at 591, which dealt with a sentencing enhancement under the pre-*Booker* mandatory guidelines, *id.* at 593, rather than a substantive, statutory element of a crime, like the death-results enhancement at issue here.

Moreover, Harrington's actual-innocence claim based on *Burrage* may well have merit. Savings-clause petitioners can show actual innocence by demonstrating:

---

[1]As a threshold matter, there is no second-or-successive limitation to filing a second § 2241 petition, as Harrington has done here. 28 U.S.C. § 2244(a) provides generally that "[n]o circuit or district judge shall be required" to entertain a second habeas petition, but we may exercise our discretion to consider such a petition, and we do so here.

(1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten*, 677 F.3d at 307–08. Prongs one and two are satisfied: *Burrage* is a new interpretation of 21 U.S.C. § 841(b)(1) and was decided in 2014, well after Harrington's 2009 conviction, his 2010 direct appeal, *see Harrington*, 617 F.3d at 1063, and the one-year window within which he could have filed an initial, unconstrained § 2255 motion, *see* 28 U.S.C. § 2255(f).

It is also clear that *Burrage* is retroactive, as the Government commendably concedes. Substantive decisions that "narrow the scope of a criminal statute by interpreting its terms" apply retroactively to cases on collateral review. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) (citing *Bousley v. United States*, 523 U.S. 614, 620–621 (1998)). *Burrage* fits that bill: because but-for causation is a stricter requirement than, for example, the contributing-cause rule rejected in *Burrage*, *see* 571 U.S. at 208, some conduct punished by 21 U.S.C. § 841(b)(1) pre-*Burrage* is no longer covered post-*Burrage*. At least two of our sister circuits to consider the issue have held that *Burrage* applies retroactively to cases on collateral review. *See Santillana v. Upton*, 846 F.3d 779, 783–84 (5th Cir. 2017); *Krieger v. United States*, 842 F.3d 490, 499–500 (7th Cir. 2016).

For purposes of motions under § 2241, it makes no difference that the Supreme Court itself has not held that *Burrage* applies retroactively. The rule requiring retroactivity to be determined by the Supreme Court comes from *Tyler v. Cain*, 533 U.S. 656 (2001), a case that interpreted the statutory limitation set forth in 28 U.S.C. § 2244(b)(2) on second-or-successive petitions brought by state prisoners under 28 U.S.C. § 2254. *See id.* at 661–62. There is no comparable limitation on petitions filed under § 2241. That is why, for instance, we considered for ourselves whether the rule at issue in *Wooten* applied retroactively, *see* 677 F.3d at 308–09, and why the Fifth Circuit did the same for *Burrage*, explaining that "the retroactivity element of our savings-clause analysis is not tethered to a similar statutory limitation" as the one in § 2244(b)(2), *Santillana*, 846 F.3d at 783. When it comes to petitions brought under § 2241 as

authorized by § 2255's savings clause, rare though they might be, lower courts—both district and circuit—are free to make their own retroactivity determinations.

However, we are not in a position to determine whether *Burrage* "applies to the merits of [Harrington's] petition to make it more likely than not that no reasonable juror would have convicted him," as would be required for us to grant relief. *See Wooten*, 677 F.3d at 307–08. Because the district court denied Harrington's petition on its initial review, the respondent was not served, and there is no evidentiary record before us. We therefore remand, and direct the district court to order service on the respondent and to hold a hearing on this issue. The court may consider whether to appoint counsel under 18 U.S.C. § 3006A(a)(2)(B).

The judgment of the district court is vacated, and the case remanded for proceedings consistent with this opinion.