NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0248n.06

No. 19-6025

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 20, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JAMES BAKER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| UNITED STATES OF AMERICA, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE:     ROGERS, WHITE, and MURPHY, Circuit Judges.

ROGERS, Circuit Judge.  In this suit for post-conviction relief under 28 U.S.C. § 2255, the district court denied relief solely on a ground that the government now concedes was erroneous. The government urges us to affirm on one of several alternative grounds.  These grounds have not been addressed by the district court, and such consideration would be valuable in our examination of the government's alternative arguments.  We therefore decline to rule on the alternative grounds on this appeal, but instead remand for initial consideration by the district court.  This panel unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

In April 2013, Baker was convicted of three offenses: (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), (2) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and (3) use of a firearm in the commission of a felony in violation of 18 U.S.C. § 924(c).  The district court sentenced him to 276 months' imprisonment: 216 months for the Section 922(g)(1) and drug-possession charges, to be served concurrently, and

a mandatory 60 months for the Section 924(c) charge, to be served consecutively. We affirmed

Baker's conviction and sentence on direct appeal. *United States v. Baker*, 562 F. App'x 447, 457

(6th Cir. 2014), *cert. denied* 573 U.S. 939 (2014).

In April 2015, Baker filed a pro se motion under 28 U.S.C. § 2255 to vacate his sentence,

asserting several ineffective-assistance-of-counsel claims. The government opposed the motion.

In later pro se filings, Baker supplemented his § 2255 petition to add, among other claims, a claim

that his conviction is invalid in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

The district court denied the § 2255 motion, concluding in relevant part that "as for *Rehaif*,

the Supreme Court has yet to rule whether it applies retroactively." We granted a certificate of

appealability ("COA") with respect to Baker's *Rehaif* claim and denied a COA as to all other

claims.

On appeal, both parties agree that *Rehaif* applies retroactively to cases on collateral review.

We accept the government's concession on this issue, for the reasons we recently stated in *Kelley*

*v. United States*, No. 20-5448 (6th Cir. Feb. 5, 2021) (per curiam) (order):

> The parties agree that the district court erred when it concluded that *Rehaif* was not
> retroactively applicable to cases on collateral review. In *Rehaif*, the Supreme Court
> held that, "in prosecutions under § 922(g) . . . the Government must prove that the
> defendant knows of his status as a person barred from possessing a firearm." 139
> S. Ct. at 2195. Similar to the Court's decisions in *Bailey v. United States*, 516 U.S.
> 137 (1995), and *Burrage v. United States*, 571 U.S. 204 (2014), the Court in *Rehaif*
> interpreted a criminal statute to require proof of an additional element to convict a
> defendant. In *Bailey*, the Court held that, to convict a defendant under 18 U.S.C.
> § 924(c)(1) for "using" a firearm, the government must show "active employment
> of the firearm." 516 U.S. at 144. The Court later ruled that, because *Bailey* held
> "that a substantive federal criminal statute does not reach certain conduct," it was
> a substantive rule and thus applied retroactively to cases on collateral review.
> *Bousley v. United States*, 523 U.S. 614, 620 (1998). And in *Burrage*, the Court
> held that, to convict a defendant under 21 U.S.C. § 841(b)(1) for a drug crime in
> which "death or serious bodily injury results from the use of such substance," the
> government must show that the use of the drug is a but-for cause of the death, rather
> than merely a contributing cause. 571 U.S. at 218-19. We have held that *Burrage*
> applies retroactively to cases on collateral review because it was a substantive rule

that narrowed the scope of a criminal statute. *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018). In *Bailey*, *Burrage*, and *Rehaif*, the Supreme Court interpreted a criminal statute to require proof of an additional element to convict a defendant. Thus, just as *Bailey* and *Burrage* announced new substantive rules that apply retroactively to cases on collateral review, so did *Rehaif*. *See Schriro v. Summerlin*, 542 U.S. 348, 354 (2004) ("A decision that modifies the elements of an offense is normally substantive rather than procedural. New elements alter the range of conduct the statute punishes, rendering some formerly unlawful conduct lawful or vice versa.").

*Kelley*, No. 20-5448, ECF No. 20-2 at 3-4.

Despite the parties' agreement on the sole issue in this appeal, the government maintains that we should affirm the district court because Baker procedurally defaulted his *Rehaif* claim by failing to assert it at trial or on direct appeal, though Baker responds that the government forfeited such an argument by not raising it below. The government contends that, even if Baker could overcome procedural default, it should prevail on the merits because Baker has not demonstrated that he is entitled to habeas relief on the grounds that the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). In the alternative, the government contends that we can reject Baker's challenge to his § 922(g) conviction on the basis of the "concurrent sentencing doctrine." *See Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989).

Because the district court did not address the merits of the *Rehaif* claim or the government's alternative grounds for upholding Baker's conviction, we leave it to the district court to decide these issues in the first instance. Here, the district court rejected the *Rehaif* claim on its initial review and confined its decision to the issue of retroactivity, so there is no evidentiary record before us nor any prior consideration of the alternative grounds the government now presents. Baker also argues that because there was no evidentiary hearing, he was unable to present any evidence that could rebut the alternative grounds the government raises for the first time on appeal.

Where the appellee presents "several alternate grounds on which to affirm the district court's dismissal" of the case, but the district court did not address any of them, we generally remand to the district court to resolve the issues in the first instance. *E.g.*, *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 404 (6th Cir. 2020). Doing so in this case is consistent with *Rehaif* itself, where the Supreme Court remanded for consideration of the government's alternative basis for upholding the conviction where that question was not addressed by the lower courts. *Rehaif*, 139 S. Ct. at 2200. The Eleventh Circuit followed suit and remanded to the district court to consider the issue in the first instance. *United States v. Rehaif*, 776 F. App'x 653, 654 (11th Cir. 2019) (per curiam). We have done the same in an analogous situation. *See Harrington*, 900 F.3d at 250.

Accordingly we vacate the judgment of the district court, and remand for proceedings consistent with this opinion. Baker's motion requesting oral argument is denied as moot.